THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALVIN JONES, Defendant-Appellant.

First District (4th Division)    No. 80-1289

Opinion filed July 16, 1981.

Sam Adam and Howard Geter, both of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Georgia A. Buglass, Daniel S. Weber, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

Defendant, Alvin Jones, was charged by information with the offense of collection of a fee in a wagering transaction. (Ill. Rev. Stat. 1979, ch. 8, par. 37—39.1(a).) After a bench trial, defendant was found guilty and was sentenced by the trial court to 2 years' probation, in addition to being assessed a fine of $1,000. Defendant appeals, contending that the State failed to prove him guilty beyond a reasonable doubt and that the trial court improperly placed upon him the burden of proving his innocence.

We affirm.

The following facts were adduced at the trial: Police Officer Brown testified that at approximately 11 a.m., on November 8, 1978, he entered the Cheyenne Social Club. At that time Officer Brown observed defendant who was an employee of that club. Defendant then showed Officer Brown a scratch sheet which contained race track information on races that were going to be run on that date. After looking at this, Officer Brown indicated to defendant that he wished to make a horse wager. Defendant responded that the officer would have to become a member of the club for $5 prior to placing such wager. Defendant indicated to Officer Brown that after he joined the club he would be entitled to participate in various club activities, one of which was a race track service. Officer Brown then told defendant that he wished to join the club, and defendant presented him with a club application which the police officer read and signed. Defendant then presented Officer Brown with a Cheyenne Social Club membership card, which Officer Brown also signed. When this was completed, Officer Brown informed defend-

ant that he wanted to bet on the daily double race at Hawthorne Park. Defendant took the order and wrote this information on a parimutuel ticket under the heading, "Sure-Win, Incorporated." Officer Brown gave defendant a $10 bill, whose serial number had been recorded previously by the police. Officer Brown's bet for the daily double at Hawthorne on that date was the number 5 horse in the first race and the number 2 horse in the second race. Defendant gave Officer Brown $3 in change and a pink copy of the bet record as a receipt. When this was completed defendant indicated to the police officer that $5 was to join the club and $2 was for the bet. At this point Officer Brown asked defendant how he could pick up his winnings in the event either of his selections won the first or second race. Defendant replied that he could pick them up at the club. Defendant stated that the club furnished an individual to take the member's bet to the race track. After hearing this statement, Officer Brown and his two partners placed defendant under arrest and recovered a quantity of gambling paraphernalia as well as the above-described $10 bill.

As already stated, defendant contends that the State failed to prove him guilty beyond a reasonable doubt in that it failed to prove a necessary element of the offense and that the trial court improperly required him to prove his innocence. We cannot agree with either contention.

Section 39.1(a) of the Illinois Horse Racing Act of 1975 states as follows:

> "No person shall, for a fee, directly or indirectly, accept anything of value from another to be transmitted or delivered for wager in any pari-mutuel or certificate system of wagering on horse races. Nothing in this Section prohibits wagering transactions authorized under this Act." Ill. Rev. Stat. 1979, ch. 8, par. 37—39.1(a).

In *Finish Line Express, Inc. v. City of Chicago* (1978), 72 Ill. 2d 131, 379 N.E.2d 290, a corporation operating a race track messenger service brought an action in the circuit court of Cook County, which challenged the constitutionality of the above described section of the Illinois Horse Racing Act. In that case, the plaintiff corporation, at locations away from the track, accepted money from wagerers who directed the plaintiff corporation to purchase a certain ticket in the pari-mutuel pool at the race track. The bettor was charged 10 percent of the wager for this service. The supreme court held that plaintiff corporation's business was gambling and that, as such, it was within the State's police power to regulate gaming activity. The court stated:

> "It is well within the authority of the State of Illinois to limit gambling on horse races to those who are at the track betting for themselves or betting for others only as a courtesy and not for a

fee. In essence, this statute is part of the State's regulatory plan for limited gambling, and we find nothing in the Illinois or Federal constitutions which prevents its enactment or enforcement of such a statute." 72 Ill. 2d 131, 140.

■■ In the present case defendant maintains that there was insufficient evidence to convict him because the State did not prove the acceptance of a monetary fee for the wager that was to be placed at the race track for the police officer. However, the testimony indicates that the only way a person could place a bet at the Cheyenne Social Club was to pay a fee of $5 to become a member of the club. Police Officer Brown gave defendant $10 to place a $2 bet at Hawthorne Park and received $3 back in change and a pink copy as a receipt. Defendant indicated that the $3 change remained after collection of a $5 fee to join the club and $2 for the cost of the ticket. Clearly, the $5 fee constituted an indirect fee accepted by defendant to place a wager for Officer Brown. This indirect fee was in violation of section 39.1(a) of the Horse Racing Act.

Defendant notes that the trial court stated that the State was required to prove that the services were strictly for the purpose of gambling, and he also notes that there was some evidence that legitimate services were also offered by the club as part of the membership fee. However the trial court further concluded that no other services were in fact offered by the Cheyenne Social Club and that the only purpose for the club's operation was to accept bets. Indeed, even if the payment of the $5 fee was shown to have entitled the payor to participation in other activities it is clear that the payment also constituted an indirect fee for the placement of a wager and thus violated the statute. Accordingly, we find no error here since it is well settled that the controlling determination before a reviewing court is the correctness of the trial court's conclusion, not the validity of its rationale. (*People v. Tobe* (1971), 49 Ill. 2d 538, 547, 276 N.E.2d 294.) We believe the trial court's finding of guilt was proper.

■■ The trial court also indicated that its decision might have been different had defendant presented material proof that other legitimate services were offered in return for the fee. Defendant cites this statement as evidence that he was improperly required to prove his innocence. Our determination that such proof would not properly have affected defendant's guilt vitiates this argument. Moreover, we believe that the trial court's finding of guilt was based on the testimony of Officer Brown and not on defendant's failure to offer evidence. In a bench trial, the weight to be given to the evidence presented and the inferences to be drawn therefrom are matters for the decision of the trial court, and a reviewing court will not substitute its judgment unless the proof is so unsatisfactory as to justify a reasonable doubt of guilt. (*People v. Withers* (1979), 69 Ill.

App. 3d 568, 570, 387 N.E.2d 1007.) After having carefully examined the record, we are of the opinion that the trial court's decision was correct.

The judgment of the circuit court of Cook County is therefore affirmed.

Judgment affirmed.

JIGANTI and LINN, JJ., concur.