THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL S. PEHRSON, Defendant-Appellant.

Second District   No. 2—88—0326

Opinion filed November 14, 1989.

G. Joseph Weller and Barbara R. Paschen, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Colleen M. Griffin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

Following a stipulated bench trial, defendant, Daniel Pehrson, was found guilty of delivering less than one gram of cocaine (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(c)) and possessing with intent to deliver more than one but less than 15 grams of cocaine (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2)). He was sentenced to 24 months' probation with 90 days of periodic imprisonment and was fined $1,000 for each offense. On appeal, defendant contends that section 401(b)(2) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2)) is unconstitutional and that the fines assessed

were not authorized and excessive.

At trial, defendant waived his right to a jury and stipulated to the facts presented by the prosecutor, who recited that, if witnesses were called to testify, their evidence would show that on August 29, 1987, defendant was arrested at a party at the Knolls Clubhouse in Willowbrook, Illinois. There, two men who had been found using cocaine identified defendant as the person who had sold them the drug. A short time later, three Willowbrook police officers approached defendant at the party and took him outside for questioning, where he voluntarily emptied his pockets, producing a package containing a green leafy substance and, following further questioning, produced a container which held two packets of a white powdery substance. Testing by the Illinois State Police Forensic Lab revealed that the substances consisted of more than one but less than 15 grams of cocaine and 0.1 grams of cannabis. Defendant was found guilty of both offenses.

At the sentencing hearing, defendant's motion attacking the constitutionality of the sentencing statute was denied, and the State and defendant stipulated that the street value of 1.8 grams of cocaine was $180. Following argument by the attorneys and a statement by defendant, the court sentenced him to 24 months' probation, including 90 days' periodic imprisonment, and fined him $1,000 for each offense. The prosecutor requested that the fine be designated as a street value fine, to which defense counsel acquiesced, and the trial court incorporated that designation in its order.

Defendant contends first that the section of the Controlled Substances Act which makes the delivery of more than one but less than 15 grams of cocaine a Class 1 felony (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2)) is unconstitutional because it establishes a sentencing scheme which violates due process as it provides that the delivery of more than one gram of cocaine constitutes a Class 1 felony, while delivery of the same amount of heroin, and up to 10 grams, is only a Class 2 felony. Defendant argues that the legislature acknowledged the differences between various types of controlled substances and, to provide for different degrees of control over each of the various types, such substances were classified into different schedules which identified them in terms of their relative danger to the public, and their potential for legitimate use. (Ill. Rev. Stat. 1987, ch. 56½, par. 1100.) The legislature classified heroin as more dangerous than cocaine by making heroin a schedule I substance and cocaine a schedule II substance. (Ill. Rev. Stat. 1987, ch. 56½, pars. 1204(c)(12), 1206(b)(4).) However, delivery of more than one gram of cocaine, a schedule II substance, constitutes a Class 1 felony while delivery of

the same amount or up to 10 grams of heroin, a schedule I substance, is only a Class 2 felony. (Ill. Rev. Stat. 1987, ch. 56½, pars. 1401(b)(2), (c).) Defendant asserts that this provision is unconstitutional because the scheduling of these controlled substances precludes the legislature from punishing the delivery of cocaine more severely than the delivery of heroin.

In support of his argument, defendant cites *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029, and *People v. Wagner* (1982), 89 Ill. 2d 308, 433 N.E.2d 267. In each of these cases, our supreme court held that the applicable sections of the Controlled Substances Act were violative of due process because they were not designed to remedy the evils which the legislature had determined to be a threat to the public health, safety and general welfare. In *Bradley*, the court found that a statute which provided for a greater penalty for possession of a substance than for its delivery violated the defendant's dueprocess rights as it contravened an express legislative intent to punish traffickers or profiteers of controlled substances with the same or greater severity than the unlawful user or occasional petty distributor. (Ill. Rev. Stat. 1987, ch. 56½, par. 1100; *Bradley*, 79 Ill. 2d at 418, 403 N.E.2d at 1032.) In *Wagner*, the court held that the statute fixing the penalty for distribution of a "look-alike" controlled substance higher than the maximum provided for distributing a *bona fide* controlled substance was unconstitutional because it contravened legislative intent by punishing the defendant who delivers a noncontrolled substance more severely than one who delivers a controlled substance. Ill. Rev. Stat. 1987, ch. 56½, par. 1100; *Wagner*, 89 Ill. 2d at 313, 433 N.E.2d at 270.

■ However, section 401(b)(2) of the Controlled Substances Act was specifically enacted to punish the delivery of cocaine more severely than that of other drugs and reflected the legislative concern about the epidemic of crack usage, the unique availability of the drug, and that ingestion of only a small amount could lead to either addiction or serious disablement. (House Floor Debate, SB 1565, Pub. Act 84—1475, December 5, 1985, at 10-11.) In imposing penalties for drug offenses, the legislature should be able to take all considerations into account rather than being forced to rely simply on the scheduling scheme for that drug.

In *People v. Upton* (1986), 114 Ill. 2d 362, 500 N.E.2d 943, our supreme court upheld a statute which provided a greater penalty for distribution of "look-alike" substances than that provided for *bona fide* controlled substances where, unlike the situation before it in *Wagner* and *Bradley*, the legislature declared that it was its legislative in-

tent to have this disparity in penalties and sought to justify its reasoning. The court distinguished *Bradley* and *Wagner* because, in those cases, the penalty provisions had directly contradicted the declared legislative intent. *Upton* (1986), 114 Ill. 2d at 373, 500 N.E.2d at 945-46.

■■ In the present case, the declared legislative intent in enacting section 401(b)(2) was to fix a higher penalty for a small amount of cocaine which the legislature felt was needed to protect society against the problems resulting from cocaine. Legislation will survive a substantive due-process challenge so long as it is reasonably designed to remedy the evils the legislature has determined to be a threat to the public health, safety, and general welfare. (*Upton*, 114 Ill. 2d at 373, 500 N.E.2d at 948.) The legislature has broad discretion in classifying offenses and providing penalties for them (*People v. Mathey* (1983), 99 Ill. 2d 292, 298, 458 N.E.2d 499), and we find no due-process violation in section 401(b)(2) of the Controlled Substances Act.

Next, defendant argues that under the provisions of section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1.1) excessive fines were imposed.

At the sentencing hearing, the prosecutor offered her statement as an officer of the court that the street value of the cocaine seized from defendant was approximately $100, and this estimate was noted by defense counsel to mean that the 1.8 grams seized from defendant with a value of $100 per gram resulted in a total street value of $180. The trial court assessed a fine of $1,000 for each offense, and, when the prosecutor asked that the fine be assessed under the mandatory street value statute, defense counsel agreed.

Defendant now argues that the assessment of street value fines pursuant to section 5—9—1.1 establishes that the actual street value of substances involved in criminal convictions is the only measure of the fine under this statute, and the assessment of any fine in a greater amount must be made pursuant to section 411.1 of the Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, par. 1411.1), which applies to discretionary fines and is based upon factors other than the street value of the drug itself.

■ Section 5—9—1.1 provides for a mandatory fine in drug-related offenses, as follows:

"When a person has been adjudged guilty of a drug related offense involving *** possession or delivery of a controlled substance *** a fine shall be levied by the court *at not less* than the full street value of the *** controlled substances seized.

'Street value' shall be determined by the court on the basis

of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the *** controlled substance seized." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1.1.

Section 411.1 of the Controlled Substances Act provides:

"Whenever any person pleads guilty to, is found guilty of *** an offense under this Article, a fine may be levied in addition to any other penalty imposed by the court." Ill. Rev. Stat. 1987, ch. 56½, par. 1411.1(a).

Where the courts have chosen to assess fines under the mandatory street value section only, the measure of the fine has generally been the value of the substance involved. (See *People v. Ruff* (1983), 115 Ill. App. 3d 691, 450 N.E.2d 1369 (where on appeal, the reviewing court increased the street value fine imposed to reflect the actual street value of the drugs seized); *People v. Beavers* (1986), 141 Ill. App. 3d 790, 491 N.E.2d 438 (here, on appeal, the court reduced the street value fine to reflect the actual street value of the drugs seized); *People v. Pilcher* (1986), 147 Ill. App. 3d 193, 497 N.E.2d 1360 (where the court allowed a fine which exceeded the going street value of $100 per gram for cocaine because it contained a higher concentration of pure cocaine than did the cocaine usually found on the street so that the actual street value of the substance seized was much higher).) However, section 5—9—1.1 states that a mandatory minimum amount must be assessed "at not less" than the street-level value of the substance and does not limit the potential to increase that amount. In any case, the trial court had the authority to assess the fine imposed pursuant to section 411.1 of the Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, par. 1411.1). It is well settled that the controlling determination before a reviewing court is the correctness of the trial court's conclusion, and not the validity of its rationale. (*People v. Jones* (1981), 98 Ill. App. 3d 489, 492, 424 N.E.2d 683.) We conclude that the trial court was authorized to assess the fines in this case.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

UNVERZAGT, P.J., and REINHARD, J., concur.