THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CARLOS GARCIA, JR., Defendant-Appellant.

Second District   No. 2—90—0035

Opinion filed August 9, 1991.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Steven Della Rose, of Dolton (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Carlos Garcia, Jr., was convicted of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1989, ch. 56½, pars. 1401(a)(2), 1401.1). He was sentenced to a 10-year term of imprisonment and an $8,500 fine. On appeal, he argues that there is insufficient evidence to support the $8,500 fine, that he is entitled to $5-per-day credit for his time in jail awaiting trial, and that his 10-year sentence is excessive. We affirm, as modified.

■ In his first argument, the defendant relies upon several cases based on section 5—9—1.1 of the Unified Code of Corrections, under which he was sentenced. That section provides that when a person has been convicted of certain drug offenses, "in addition to any other penalty imposed, a fine shall be levied by the court at *not less than* the full street value of the cannabis or controlled substances seized." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—9—1.1.) The defendant argues on appeal that his $8,500 fine should be reduced to $4,200, the amount the undercover police officer here agreed to pay for the substance which contained cocaine. He argues that there was no evidence to support the court's apparent use of a $100-per-gram "street value" for the cocaine when it calculated the fine.

The State argues that the plain language of section 5—9—1.1 mandates only a minimum fine, a fine "not less than the full street value." According to the State, the trial court was entitled to impose a fine greater than the relevant street value and there was no error in its imposition of such a fine.

A number of appellate and supreme court cases have addressed the propriety of particular "street value" fines under section 5—9—1.1. The various other appellate districts have suggested, if not explicitly held, that section 5—9—1.1 provides for a mandatory fine *equal to* the demonstrated street value of the substance at issue. (See *People v. Carrasquilla* (1st Dist. 1988), 167 Ill. App. 3d 1069, 1080; *People v. Beavers* (3d Dist. 1986), 141 Ill. App. 3d 790, 796; *People v. Taliferro* (4th Dist. 1988), 166 Ill. App. 3d 861, 866; *People v. Morse* (5th Dist. 1989), 185 Ill. App. 3d 503, 509-10.) In the second district, however, we have followed the reasoning urged here by the State, holding that section 5—9—1.1 mandates only a *minimum* "street value" fine. *People v. Pehrson* (1989), 190 Ill. App. 3d 928, 933.

This court's view in *Pehrson* is consistent with the plain language of section 5—9—1.1. (*In re Estate of Swiecicki* (1985), 106 Ill. 2d 111, 120.) It also is consistent with our supreme court's comments on the

statute. (*People v. Lusietto* (1989), 131 Ill. 2d 51, 56.) We find no reason to divert from our decision in *Pehrson*. Under that case, we find no error in the court's fine here. It is not less than the lowest "street value" evidenced, and we find that it complies with the mandate of section 5—9—1.1.

■ The defendant's second argument on appeal is that he is entitled to a $115 credit against his fine for the 23 days that he served in jail awaiting trial. The State concedes that the defendant is entitled to the $5-per-day credit provided under section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 110—14). With reference to *People v. Hare* (1988), 119 Ill. 2d 441, we agree and modify the defendant's sentence accordingly.

■ The defendant's third argument on appeal is that he was erroneously sentenced to a 10-year term of imprisonment for his offense; that offense is subject to a sentence between 9 and 40 years (Ill. Rev. Stat. 1989, ch. 56 1/2, par. 1401(a)(2)(B)). The defendant argues that he is entitled to the minimum sentence. He emphasizes that he is educated and has been working at his chosen profession, that he has no prior record, and that the evidence showed he participated only minimally in the offense. The defendant also argues that the sentencing court erroneously considered in aggravation the amount of cocaine involved here and his refusal to admit guilt.

Sentencing is a matter for the trial court's discretion; we will not disturb a sentencing decision absent an abuse of that discretion. *People v. Perruquet* (1977), 68 Ill. 2d 149, 156.

The record here shows that the trial court judge recognized substantial factors mitigating the defendant's sentence. The court specifically named the defendant's absence of a prior record, his educational achievement, and his apparent lesser role in the offense. However, the court also expressed its conclusion that the defendant had been actively involved in the offense and that the defendant was untruthful both before the jury and in his statement for the probation report.

We find no abuse of discretion in the court's sentence to a term of imprisonment only one year more than the minimum within the statutory 32-year sentencing range. The court could properly rely in aggravation upon the fact that the offense involved an amount of cocaine greater than the minimum amount covered by the statute. (See *People v. Saldivar* (1986), 113 Ill. 2d 256, 269-71.) Further, we find no error in the court's consideration of the defendant's attitude and truthfulness in connection with his denial of guilt. (See *People v. Ward* (1986), 113 Ill. 2d 516, 528; *People v. McBounds* (1989), 182 Ill. App. 3d 1002, 1018.) The record shows that the court thoroughly considered all rele-

vant factors, including those in mitigation. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 493.) Based on the foregoing, we modify the judgment of the circuit court of Du Page County to grant the defendant $115 credit against his fine. We affirm, then, the judgment as modified.

Affirmed as modified.

INGLIS and BOWMAN, JJ., concur.