THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL T. ELSTON, Defendant-Appellant.

Second District   No. 2—90—0170

Opinion filed December 19, 1991.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Robert J. Morrow, of Early, Collison, Tousey, Regan, Wlodek & Morrow, of Elgin (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE REINHARD delivered the opinion of the court:

Defendant, Daniel T. Elston, was found guilty in a jury trial in the circuit court of Du Page County of the offenses of unlawful possession with intent to deliver 100 grams or more but less than 400 grams of a substance containing cocaine, a controlled substance (Ill. Rev. Stat., 1988 Supp., ch. 56½, par. 1401.2), and unlawful possession of a stolen vehicle (Ill. Rev. Stat. 1989, ch. 95½, par. 4—103(a)(1)) and was sentenced to concurrent 25- and 6-year terms of imprisonment, respectively, and fined $10,000 based on the street value of the substance containing cocaine.

Defendant raises three issues in this appeal: (1) that the trial court abused its discretion in allowing an assistant State's Attorney

not involved in the actual prosecution of the case to testify as a rebuttal witness; (2) that the 25-year sentence imposed was an abuse of sentencing discretion; and (3) that the $10,000 street value fine should be vacated because of a lack of evidence to establish such value and that defendant should receive a $5-per-day credit against the fine for each day he was incarcerated awaiting trial.

We need only summarize the facts adduced at trial relevant to the issues raised. Defendant was stopped for a traffic violation after which it was determined that he was driving an automobile reported to be stolen. Cash totalling $3,510 was found in a Kleenex box in the vehicle. Substances containing cocaine were subsequently recovered from a box in a brown gym bag found in the trunk of the vehicle and from a small container which defendant said he left in the squad car which transported him to the police station. The total weight of the cocaine was 110.97 grams. A police officer testified that the street value was from $7,000 to $8,000, although he also opined that the cocaine would sell in a range of $75 to $90 per gram. Defendant told officers that he had picked up the cocaine from a dealer, and he was to deliver it to Chicago. He also told officers that $2,250 of the cash found was drug money. At trial, defendant denied that he stole the car and denied making the statements that he knew the cocaine was in the car.

Matthew Dwyer, a close friend of defendant testifying in defendant's behalf, stated among other things that several days prior to the trial he was visited by Assistant State's Attorneys Dave Bayer and Joseph Solon, the latter being one of the prosecutors in the instant trial. He said he told the prosecutors that he saw another person put a cigar box in the trunk of the vehicle in which defendant was later stopped.

In rebuttal, Assistant State's Attorney Dave Bayer, who was not involved in the prosecution of the instant case, was allowed over defendant's objection to testify, *inter alia*, that Dwyer had told him and Assistant State's Attorney Solon that he did not see another person put anything into the vehicle.

Defendant first contends that the trial court abused its discretion in allowing Assistant State's Attorney Dave Bayer to testify in rebuttal to a conversation he and prosecuting attorney Joseph Solon had with defense witness Matthew Dwyer several days before trial. Relying on *People v. Janes* (1985), 138 Ill. App. 3d 558, 486 N.E.2d 317, defendant argues that the policies served by the witness-advocate rule were violated when Assistant State's Attorney Bayer was allowed to testify and, accordingly, the court abused its discretion in allowing

such testimony. Defendant also argues that this error was exacerbated by prosecuting attorney Solon's final arguments which stressed that the prosecution did not manufacture evidence, a reference which defendant contends was to Bayer's conversation with defense witness Dwyer.

In *Janes,* this court agreed with the policies served by the witness-advocate rule set forth in *United States v. Johnston* (7th Cir. 1982), 690 F.2d 638, as it applied to an assistant State's Attorney who testified as a rebuttal witness in a trial which he was prosecuting and then used his own testimony extensively in his closing argument, and found reversible error under the circumstances. (*Janes,* 138 Ill. App. 3d at 567-71, 486 N.E.2d at 323.) We find, however, that *Janes* is inapposite here where the testifying assistant State's Attorney was not involved in the prosecution of the case.

■ We know of no prohibition against such testimony, nor does the witness-advocate rule articulated in *Johnston* refer to the situation present here. In *Johnston,* the prosecutor assigned to the case testified in a pretrial suppression hearing. Moreover, the court in *Johnston* referred in a footnote to its prior decision in *United States v. Cerone* (7th Cir. 1971), 452 F.2d 274, *cert. denied* (1972), 405 U.S. 964, 31 L. Ed. 2d 240, 92 S. Ct. 1168, which held that the mere fact that a United State's Attorney holds an office of public trust should not disqualify him as a witness so long as he does not otherwise participate in the trial. *Cerone,* 452 F.2d at 288.

Defendant has not cited any relevant authority to support his proposition that the witness-advocate rule applies to the circumstances present here. Further, in examining the Illinois Rules of Professional Conduct (134 Ill. 2d R. 1.1 *et seq.*), we note that Rule 3.7(c), pertaining to a lawyer as a witness, expressly provides that "[e]xcept as prohibited by Rule 1.7 or Rule 1.9 [not pertinent hereto], a lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm may be called as a witness" (134 Ill. 2d R. 3.7(c)). We also observe that standard 3.1(f) of the American Bar Association Project on Standards for Criminal Justice Relating to the Prosecution Function and the Defense Function (Approved Draft 1971) acknowledges the use of a prosecutor in interviewing a prospective witness and recommends only that the prosecuting attorney should withdraw from the case in order to present his impeaching testimony. As Assistant State's Attorney Bayer was not involved in prosecuting the instant case, we find no error in permitting his testimony in rebuttal and in allowing reference to such testimony in final argument. The fact that the prosecuting attorney, Joseph Solon, was present during the con-

versation which Bayer testified to is not significant as Solon did not become a witness and, therefore, did not fall within the witness-advocate rule.

Defendant's second contention is that the 25-year sentence of imprisonment for unlawful possession of cocaine with intent to deliver is an abuse of sentencing discretion because the trial court failed to give proper consideration and weight to the mitigating factors of his previous rehabilitation for heroin addiction in 1982, the death of his wife in 1988 which led to the resuming of his drug abuse habits, his recent good employment record, and his lack of criminal activity while he abstained from drugs. Defendant asks that this court reduce his sentence or remand for a new sentencing hearing.

Imposition of a sentence in a criminal case is a matter of judicial discretion, and, absent an abuse of discretion, the sentence of the trial court may not be altered upon review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882.) The trial judge is charged with the often difficult and delicate responsibility of fashioning a sentence which will not only protect the interests of society but also will allow for the possibility of rehabilitation of the offender. (*Perruquet*, 68 Ill. 2d at 155, 368 N.E.2d at 884.) Rehabilitation is not the only goal, but dual consideration is given to the seriousness of the offense and the rehabilitation of the offender. *People v. Young* (1988), 124 Ill. 2d 147, 156, 529 N.E.2d 497.

■ In the case at bar, the trial judge expressly stated that he considered the presentence report, the facts at trial, the evidence in aggravation and mitigation, the defendant's remarks at sentencing, and the arguments of counsel at the sentencing hearing. The trial judge also stated that he gave credit to defendant for his army service in Vietnam and other positive factors presented in mitigation of sentence. Nevertheless, the court sentenced defendant to a 25-year term of imprisonment considering the amount of the controlled substances possessed and his prior record of criminal convictions, which include: burglary in 1971 and a sentence of 15 years' imprisonment in 1972 upon a violation of his probation; escape from prison in 1975 and stealing a vehicle during that time; and burglary and theft in 1978 for which he was sentenced to 10 years' and 5 years' imprisonment. Testimony at the sentencing hearing also was adduced that prior to the arrest in the instant case defendant was arrested twice in 1989 during which he was found in possession of cannabis and unlawful possession of a weapon.

Unlawful possession of 100 but less than 400 grams of cocaine with intent to deliver is a Class X felony with a penalty of not less

than 9 but not more than 40 years' imprisonment. The sentence here was within the statutory range, and, considering all the sentencing factors present in this case, we find no abuse of sentencing discretion in the trial court's balancing of the factors and sentencing defendant to a 25-year term of imprisonment.

■ Defendant's final contentions are (1) that his $10,000 fine must be vacated either because it is not a street value fine or, if it was, it should be reduced as the only testimony was that it had a street value of $7,000 to $8,000; and (2) that his fine must be reduced to reflect a $5-per-day credit due to 166 days' incarceration prior to sentencing.

The State concedes that defendant is entitled to $5 a day credit against his fine for each day of incarceration, and we modify defendant's $10,000 fine to $9,170.

As to defendant's argument that the $10,000 fine was not a "street value" fine pursuant to section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—9—1.1), we reject this contention as the sentencing order expressly imposes the $10,000 fine as a "street value fine." Alternatively, defendant maintains that the only testimony was that the street value was $7,000 to $8,000, and we must reduce the fine accordingly. The State responds that the Appellate Court, Second District, has held that section 5—9—1.1 mandates only a *minimum* "street value" fine and the fine imposed here is proper. *People v. Garcia* (1991), 217 Ill. App. 3d 350, 351-52, 577 N.E.2d 183; *People v. Pehrson* (1989), 190 Ill. App. 3d 928, 933, 547 N.E.2d 613.

Although as pointed out in *People v. Garcia* (1991), 217 Ill. App. 3d 350, 351, 577 N.E.2d 183, the decisions in other districts of the appellate court may suggest views inconsistent with this court's determination that the "street value" is only the minimum fine authorized by section 5—9—1.1, we adhere to *Garcia*.

The judgment of the circuit court of Du Page County is affirmed as modified.

Affirmed as modified.

UNVERZAGT and DUNN, JJ., concur.