THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ETHEL B. LEWIS, Defendant-Appellant.
Second District   No. 2—91—0016

Opinion filed September 29, 1992.—Rehearing denied November 24, 1992.—
Supplemental opinion filed June 8, 1994.

G. Joseph Weller, Thomas A. Lilien, and Steven E. Wiltgen, all of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Schumacher, State's Attorney, of Oregon (William L. Browers, Marshall M. Stevens, Lisa A. Hoffman, Robert J. Biderman, and Jeffrey K.

Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Ethel Lewis, was charged by indictment with the unlawful delivery of a controlled substance for allegedly delivering less than one gram of cocaine to an undercover officer on November 3, 1988 (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(c)). Defendant was found guilty following a jury trial in September of 1990. On December 12, 1990, defendant was sentenced to a term of 30 months' probation with the condition that she perform 100 hours of public service per year and serve a period of home detention from 6 p.m. until 6 a.m. for 360 days. Defendant appeals the sentence imposed, claiming that the trial court miscalculated the probationary term and street value fine and failed to give credit for time served. For the following reasons, we dismiss defendant's appeal.

Defendant was convicted of an offense which is a Class 2 felony. (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c).) Section 5—8—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1), effective February 1, 1989, sets forth the sentence of imprisonment imposed for felonies. Additionally, it states as follows:

> "A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. ***
>
> If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, the proponent of the motion shall exercise due diligence in seeking a determination on the motion and the court shall thereafter decide such motion within a reasonable time.
>
> If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, then for purposes of perfecting an appeal, a final judgment shall not be considered to have been entered until the motion to reduce a sentence has been decided by order entered by the trial court.
>
> A motion to reduce a sentence shall not be considered to have been timely filed unless it is filed with the circuit court clerk within 30 days after the sentence is imposed ***." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c).

This language was recently interpreted by the Appellate Court, Fifth District, in *People v. Macke* (1992), 224 Ill. App. 3d 815. In *Macke*, the court concluded that section 5—8—1(c) of the Unified Code of Corrections requires a defendant to file a motion to reduce his sen-

tence in the trial court within 30 days after the sentence was imposed in order to appeal only the sentence. (*Macke*, 224 Ill. App. 3d at 816.) Since the defendant failed to file a post-trial motion (Ill. Rev. Stat. 1989, ch. 38, par. 116—1(b)) or a motion to reduce his sentence (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c)), the trial court found that defendant failed to properly preserve any error that might have occurred, thereby waiving his right to appeal. *Macke*, 224 Ill. App. 3d at 816.

■ ■ In reaching this decision, the *Macke* court stated as follows:

> "Requiring a defendant to file a motion to reduce his sentence is similar to requiring a post-trial motion to preserve issues on appeal (Ill. Rev. Stat. 1989, ch. 38, par. 116—1(b)) and requiring a defendant who pleads guilty to move to withdraw that plea before appealing. (134 Ill. 2d R. 604(d).) Failure to file these motions denies the trial court the opportunity to correct any error that might have occurred and thereby burdens appellate counsel and the court of review with the time and expense of preparing and processing appeals. (See *People v. Enoch* (1988), 122 Ill. 2d 176 ***; *People v. Wilk* (1988), 124 Ill. 2d 93.)" (*Macke*, 224 Ill. App. 3d at 816.)

Although *Macke* was decided after the time during which defendant may have been required to file a motion to reduce her sentence, we find that the decision can be applied retroactively. A decision will be applied retroactively unless the court expressly declares that "its decision is a clear break with the past, such as when a court explicitly overrules its own past precedent, disapproves a practice that it has previously approved, or overturns a well-established body of lower court authority." *People v. Perruquet* (1989), 181 Ill. App. 3d 660, 662.

■ Prior cases have discussed whether a defendant waives the right to appeal a sentence imposed by failing to file a motion to reduce the sentence (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1) or withdraw a guilty plea (134 Ill. 2d R. 604(d)) when the defendant has entered a negotiated plea of guilty. (See *People v. Wallace* (1991), 143 Ill. 2d 59; *People v. Wilk* (1988), 124 Ill. 2d 93; *People v. Smith* (1990), 198 Ill. App. 3d 695; *People v. Kennedy* (1989), 188 Ill. App. 3d 1; see also *People v. Phillips* (1991), 219 Ill. App. 3d 877.) However, our research reveals that no prior cases have determined whether a defendant, convicted by a jury, waives the right to appeal a sentence imposed by failing to file a motion to reduce the sentence. Nevertheless, we find that *Macke* expands, but does not change or

overrule, any decisions, including those cited above, but "promotes judicial economy and finality of judgments" as in *Enoch* (122 Ill. 2d at 190). (*Macke*, 224 Ill. App. 3d at 816.) For the foregoing reasons, we find that defendant has failed to properly preserve any error which might have occurred in sentencing, thereby waiving her right to appeal the issues she raises relating to sentencing.

Appeal dismissed.

GEIGER and BOWMAN, JJ., concur.

## SUPPLEMENTAL OPINION

JUSTICE McLAREN delivered the opinion of the court:

Following a jury trial, the defendant, Ethel B. Lewis, was convicted of the offense of unlawful delivery of a controlled substance (cocaine). (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(c) (now codified, as amended, at 720 ILCS 570/401(c) (West 1992)).) She was sentenced to a term of 30 months' probation with the condition that she perform 100 hours of public service each year of probation and serve a period of home detention from 6 p.m. until 6 a.m. for 360 days. Without filing a post-sentencing motion pursuant to section 5—8—1(c) of the Unified Code of Corrections, the defendant appealed the sentence imposed, claiming that the trial court miscalculated the probationary term and the street-value fine, and failed to give credit for time served. In *People v. Lewis* (1992), 235 Ill. App. 3d 1003, we followed *People v. Macke* (1992), 224 Ill. App. 3d 815, and dismissed the defendant's appeal on the basis that the defendant's failure to file a motion to reduce her sentence in the circuit court within 30 days after the sentence was rendered resulted in waiver of the right to appeal issues relative to her sentence. (See Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(c) (now 730 ILCS 5/5—8—1(c) (West 1992)).) Our supreme court granted the defendant's petition for leave to appeal. In *People v. Lewis* (1994), 158 Ill. 2d 386, our supreme court ruled that the filing of a post-sentencing motion pursuant to section 5—8—1 of the Unified Code of Corrections is not a jurisdictional prerequisite to filing an appeal which only raises sentencing issues. The cause was remanded to this court to consider whether the trial court erred (1) in assessing the term of probation; (2) in assessing the mandatory street-value fine; and (3) in failing to award a fine credit.

■ First, the defendant contends that the court miscalculated the term of probation. On December 12, 1990, the trial court ordered a term of 30 months' probation to expire on June 30, 1993. A written order was prepared which stated that the defendant's probation term would expire on June 30, 1990. The defendant asserts that the court miscalculated the expiration date because 30 months from December 12, 1990, would be June 12, 1993. The State responds by asserting that the written order superseded any prior oral pronouncements of sentence.

In *People v. Tackett* (1985), 130 Ill. App. 3d 347, this court addressed a disparity between an oral pronouncement of sentence and the written order. The *Tackett* court considered cases in which the report of proceedings prevailed over the common-law record in the event of a conflict. (*Tackett*, 130 Ill. App. 3d at 350; *People v. Thompson* (1977), 51 Ill. App. 3d 447; *People v. DePratto* (1976), 36 Ill. App. 3d 338.) However, in denying the defendant's request to correct the mittimus, the *Tackett* court stated that the entire record should be considered in the event of a conflict. After reviewing the entire record, the *Tackett* court concluded that the disparity did not reflect that the written judgment constituted an increase of the defendant's sentence but, rather, that the court denied the defendant's request for credit for time served on probation.

In this case, as in *Tackett*, the oral pronouncement of sentence and written order were dated and filed on the same day in one transaction. Contrary to *Tackett*, however, the record does not indicate that the court took additional factors into consideration in setting the expiration of the probationary term beyond 30 months. Therefore, we modify the judgment of sentence to reflect that the defendant's term of probation would expire on June 12, 1993.

■ Section 5—9—1.1 of the Unified Code of Corrections provides the following language for assessing a street-value fine in drug-related offenses:

"When a person has been adjudged guilty of a drug related offense involving possession or delivery of cannabis or possession or delivery of a controlled substance ***, in addition to any other penalty imposed, a fine *shall* be levied by the court at not less than the full street value of the cannabis or controlled substances seized.

'Street value' shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the can-

nabis or controlled substance seized." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1.1 (now 730 ILCS 5/5—9—1.1 (West 1992)).)

The sentencing order in this case contains a notation that a street-value fine of $100 would be imposed. During oral pronouncement of the sentence, the court did not mention the imposition of a fine. The defendant concedes that section 5—9—1.1 of the Unified Code of Corrections provides for a mandatory street-value fine for certain drug-related offenses. (See *People v. Craddock* (1987), 163 Ill. App. 3d 1039, 1048.) However, the defendant questions the amount of the fine imposed.

The "street value" of a controlled substance is the price in a sale between a willing seller and a willing buyer in the streets, based on testimony by law enforcement personnel and the defendant. (*People v. Beavers* (1986), 141 Ill. App. 3d 790, 796.) The sole testimony relating to the "street value" of the controlled substance the defendant was convicted of delivering came from Cathy Straight, an undercover officer with the Department of Criminal Investigation, who testified that the "going rate" of one gram of cocaine was $100 to $110. Since the chemist who weighed the controlled substance testified that the packet contained .5 of one gram, the defendant asserts that the fine should range from $50 to $55.

In *People v. Elston* (1991), 222 Ill. App. 3d 956, 961, we determined that the street value of a particular controlled substance provides a guideline of the *minimum* amount of the fine. (See also *People v. Garcia* (1991), 217 Ill. App. 3d 350, 351; *People v. Pehrson* (1989), 190 Ill. App. 3d 928, 933.) Therefore, the trial court is vested with discretion in imposing a fine under section 5—9—1.1, which will not be altered on review absent an abuse of that discretion. (See *People v. Perruquet* (1977), 68 Ill. 2d 149, 153.) We find that the trial court's order imposing a fine of $100 was not an abuse of discretion.

■ Finally, the defendant claims that she should be afforded credit against the street-value fine for time served. Section 110—14 of the Code of Criminal Procedure of 1963 contains the following provision regarding credit for incarceration in bailable offenses:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. *** However, in no case shall the amount so allowed or credited

exceed the amount of the fine." Ill. Rev. Stat. 1987, ch. 38, par. 110—14 (now 725 ILCS 5/110—14 (West 1992)).

The record reflects that the defendant was indicted on January 19, 1990, and that a warrant for her arrest was served and executed on January 22, 1990, at 9:14 a.m. The defendant executed a recognizance bond on January 23, 1990. The defendant asserts that she should be afforded a credit against the street-value fine for two days spent in confinement. The State responds by asserting that the bond was a recognizance bond upon which no time would be spent. Since the record does not contain an affidavit as to confinement, supported by jail records, the State asserts that the defendant is not entitled to credit for time served.

Our review of the record reveals that on January 22, 1990, at 9:14 a.m., Sheriff Jerry Brooks executed a warrant for the defendant's arrest and took the defendant into custody. It was not until January 23, 1990, that the defendant executed the recognizance bond. Therefore, the defendant is entitled to credit for two days in custody.

For the foregoing reasons, we affirm the portion of the judgment of sentence which imposed a fine of $100. We modify the judgment to reflect that the defendant's term of probation expired on June 12, 1993. We further modify the judgment to allow credit for two days in custody as provided by section 110—14 of the Code.

Affirmed as modified.

GEIGER and BOWMAN, JJ., concur.