602 N.E.2d 492 (1992)
235 Ill. App.3d 1003
176 Ill.Dec. 838
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Ethel B. LEWIS, Defendant-Appellant.
No. 2-91-0016.
Appellate Court of Illinois, Second District.
September 29, 1992.
Rehearing Denied November 24, 1992.
G. Joseph Weller, Deputy Defender, Thomas A. Lilien, Asst. Defender, Steven E. Wiltgen, Office of the State Appellate Defender, Elgin, for Ethel B. Lewis.
Dennis Schumacher, Ogle County State's Atty., William L. Browers, Deputy Director, State's Atty. Appellate Prosecutor, Marshall M. Stevens, Lisa A. Hoffman, Robert J. Biderman, Jeffrey K. Davison, State's Atty. Appellate Prosecutors, Springfield, for the People.
Justice McLAREN delivered the opinion of the court:
Defendant, Ethel Lewis, was charged by indictment with the unlawful delivery of a controlled substance for allegedly delivering less than one gram of cocaine to an undercover officer on November 3, 1988 (Ill.Rev.Stat. 1987, ch. 56½ par. 1401(c)). Defendant was found guilty following a jury trial in September of 1990. On December 12, 1990, defendant was sentenced to a term of 30 months' probation with the condition that she perform 100 hours of public service per year and serve a period of home detention from 6 p.m. until 6 a.m. for 360 days. Defendant appeals the sentence imposed, claiming that the trial court miscalculated the probationary term and street value fine and failed to give credit for time served. For the following reasons, we dismiss defendant's appeal.
Defendant was convicted of an offense which is a Class 2 felony (Ill.Rev.Stat. 1989, ch. 56½, par. 1401(c).) Section 5-8-1 of the Unified Code of Corrections (Ill.Rev.Stat. 1989, ch. 38, par. 1005-8-1), effective February 1, 1989, sets forth the sentence of imprisonment imposed for felonies. Additionally, it states as follows:
"A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed.* * *
If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, the proponent of the motion shall exercise due diligence in seeking a determination on the motion and the court shall thereafter decide such motion within a reasonable time.
If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, then for purposes of perfecting an appeal, a final judgment shall not be considered to have been entered until the motion to reduce a sentence has been decided by order entered by the trial court.
A motion to reduce a sentence shall not be considered to have been timely filed unless it is filed with the circuit *493 court clerk within 30 days after the sentence is imposed * * *." Ill.Rev.Stat. 1989, ch. 38, par. 1005-8-1(c).
This language was recently interpreted by the Appellate Court, Fifth District, in People v. Macke (1992), 224 Ill.App.3d 815, 167 Ill.Dec. 498, 587 N.E.2d 1113. In Macke, the court concluded that section 5-8-1(c) of the Unified Code of Corrections requires a defendant to file a motion to reduce his sentence in the trial court within 30 days after the sentence was imposed in order to appeal only the sentence. (Macke, 224 Ill.App.3d at 816, 167 Ill.Dec. 498, 587 N.E.2d 1113.) Since the defendant failed to file a post-trial motion (Ill.Rev.Stat. 1989, ch. 38, par. 116-1(b)) or a motion to reduce his sentence (Ill.Rev.Stat. 1989, ch. 38, par. 1005-8-1(c)), the trial court found that defendant failed to properly preserve any error that might have occurred, thereby waiving his right to appeal. Macke, 224 Ill.App.3d at 816, 167 Ill.Dec. 498, 587 N.E.2d 1113.
In reaching this decision, the Macke court stated as follows:
"Requiring a defendant to file a motion to reduce his sentence is similar to requiring a post-trial motion to preserve issues on appeal (Ill.Rev.Stat. 1989, ch. 38, par. 116-1(b)) and requiring a defendant who pleads guilty to move to withdraw that plea before appealing. (134 Ill.2d R. 604(d).) Failure to file these motions denies the trial court the opportunity to correct any error that might have occurred and thereby burdens appellate counsel and the court of review with the time and expense of preparing and processing appeals. (See People v. Enoch (1988), 122 Ill.2d 176, 119 Ill.Dec. 265, 522 N.E.2d 1124] * * *; People v. Wilk (1988), 124 Ill.2d 93 [124 Ill.Dec. 398, 529 N.E.2d 218].)" (Macke, 224 Ill. App.3d at 816, 167 Ill.Dec. 498, 587 N.E.2d 1113.)
Although Macke was decided after the time during which defendant may have been required to file a motion to reduce her sentence, we find that the decision can be applied retroactively. A decision will be applied retroactively unless the court expressly declares that "its decision is a clear break with the past, such as when a court explicitly overrules its own past precedent, disapproves a practice that it has previously approved, or overturns a well-established body of lower court authority." People v. Perruquet (1989), 181 Ill.App.3d 660, 662, 130 Ill.Dec. 284, 537 N.E.2d 351.
Prior cases have discussed whether a defendant waives the right to appeal a sentence imposed by failing to file a motion to reduce the sentence (Ill.Rev.Stat. 1989, ch. 38, par. 1005-8-1) or withdraw a guilty plea (134 Ill.2d R. 604(d)) when the defendant has entered a negotiated plea of guilty. (See People v. Wallace (1991), 143 Ill.2d 59, 155 Ill.Dec. 821, 570 N.E.2d 334; People v. Wilk (1988), 124 Ill.2d 93, 124 Ill.Dec. 398, 529 N.E.2d 218; People v. Smith (1990), 198 Ill.App.3d 695, 144 Ill. Dec. 840, 556 N.E.2d 307; People v. Kennedy (1989), 188 Ill.App.3d 1, 135 Ill.Dec. 234, 543 N.E.2d 617; see also People v. Phillips (1991), 219 Ill.App.3d 877, 162 Ill. Dec. 542, 580 N.E.2d 168.) However, our research reveals that no prior cases have determined whether a defendant, convicted by a jury, waives the right to appeal a sentence imposed by failing to file a motion to reduce the sentence. Nevertheless, we find that Macke expands, but does not change or overrule any decisions, including those cited above, but "promotes judicial economy and finality of judgments" as in Enoch, 122 Ill.2d at 190, 119 Ill.Dec. 265, 522 N.E.2d 1124. (Macke, 224 Ill.App.3d at 816, 167 Ill.Dec. 498, 587 N.E.2d 1113.) For the foregoing reasons, we find that defendant has failed to properly preserve any error which might have occurred in sentencing, thereby waiving her right to appeal the issues she raises relating to sentencing.
Appeal dismissed.
GEIGER and BOWMAN, JJ., concur.