THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EUGENE MACKE, Defendant-Appellant.

Fifth District   No. 5—90—0416

Opinion filed January 31, 1992.

Daniel M. Kirwan and Robert S. Burke, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

No brief filed for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Defendant was convicted by a jury of armed robbery on May 8, 1990. The last day for him to file a post-trial motion was June 6, 1990. On June 22, 1990, defendant was sentenced to 25 years' imprisonment and ordered to pay $900 in restitution. Defendant appeals only his sentence, claiming that the circuit court erred by requiring him to pay restitution. Defendant failed to file a post-trial motion (Ill. Rev. Stat. 1989, ch. 38, par. 116—1(b)) or a motion to reduce his sentence (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c)), and he did not object to restitution at his sentencing hearing. We affirm.

Defendant argues that it was impossible for him to file a post-trial motion (Ill. Rev. Stat. 1989, ch. 38, par. 116—1(b)), since the error did not occur until after the time period for filing a post-trial motion expired. Defendant claims that rejection of his argument on appeal for failure to file a post-trial motion under these circumstances would require defendants who allege no error at trial to file a post-trial motion

prior to sentencing in order to preserve any error that might possibly occur. We, however, affirm for failure to file a motion to reduce a sentence. Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c).

■ Section 5—8—1(c) of the Unified Code of Corrections provides:

> "A motion to reduce sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. ***

> If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, the proponent of the motion shall exercise due diligence in seeking a determination on the motion and the court shall thereafter decide such motion within a reasonable time.

> If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, *then for purposes of perfecting an appeal, a final judgment shall not be considered to have been entered until the motion to reduce a sentence has been decided by order entered by the trial court.*

> A motion to reduce a sentence shall not be considered to have been timely filed unless it is filed with the circuit court clerk within 30 days after the sentence is imposed ***." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c).

Section 5—8—1(c) requires that before a defendant can appeal only his sentence, he must first file a motion to reduce his sentence with the trial court within 30 days after the sentence is imposed.

■ Requiring a defendant to file a motion to reduce his sentence is similar to requiring a post-trial motion to preserve issues on appeal (Ill. Rev. Stat. 1989, ch. 38, par. 116—1(b)) and requiring a defendant who pleads guilty to move to withdraw that plea before appealing. (134 Ill. 2d R. 604(d).) Failure to file these motions denies the trial court the opportunity to correct any error that might have occurred and thereby burdens appellate counsel and the court of review with the time and expense of preparing and processing appeals. (See *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274; *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218.) As in *Enoch*, our decision in this case promotes judicial economy and finality of judgments. *Enoch*, 122 Ill. 2d at 190, 522 N.E.2d at 1132.

Affirmed.

LEWIS and WELCH, JJ., concur.