THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES CHARLES TIPPETT, Defendant-Appellant.

Fourth District   No. 4—92—0098

Opinion filed July 30, 1992.

Daniel D. Yuhas and Gloria Ann Morris, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On July 15, 1991, defendant James Charles Tippett entered guilty pleas before the circuit court of McLean County to two counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16). On October 4, 1991, defendant filed a *pro se* motion to withdraw the July 15, 1991, plea. Defendant was sentenced on October 23, 1991, to the Department of Corrections, but was also fined $100. New counsel for defendant then filed a "Motion Pursuant to Illinois Supreme Court Rule 604(d)" (134 Ill. 2d R. 604(d)), asking to withdraw

the plea and also requesting that the sentence be reduced. After hearings held on December 19, 1991, and January 3, 1992, the request to withdraw the plea and the motion for reduction of sentence were denied. The denial order was entered on January 3, 1992, and, on the same date, the trial court entered an order appointing the office of the State Appellate Defender to represent defendant on appeal. This appeal followed.

■ The only issue argued on appeal relates to section 110—14 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 110—14), which provides:

"Credit for incarceration on bailable offense. Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. The clerk of the court shall notify the defendant in writing of this provision of the Act at the time he is convicted. However, in no case shall the amount so allowed or credited exceed the amount of the fine."

The trial court did not provide for the $5-per-day credit acquired by defendant's 22 days in custody to be set off against the $100 fine. The record does not indicate that defendant was notified in writing of the provisions of section 110—14 of the Code. The trial court record also indicates this issue was not presented at the trial court level.

■ The State contends that this appeal should be dismissed because of the failure to raise the issue before the trial court and because no motion was made to reduce the sentence, citing as authority *People v. Wallace* (1991), 143 Ill. 2d 59, 61, 570 N.E.2d 334, 335. However, as we have stated, a motion was made to reduce, granted that the present issue was not the subject of that motion.

We hold that *Wallace* is not in conflict with, and does not overrule, *People v. Bratcher* (1986), 149 Ill. App. 3d 425, 430, 500 N.E.2d 954, 957, and *People v. Smith* (1985), 133 Ill. App. 3d 613, 617, 479 N.E.2d 328, 331 (see also *People v. Emery* (1989), 190 Ill. App. 3d 171, 173, 546 N.E.2d 658, 659), where it was held that in the absence of the written notification provided for in section 110—14 of the Code, the defendant's failure to apply for the credit in the trial court does not preclude such application on appeal.

We are fully aware of the wasted time and great expense of issues such as the present one and those involving credit for time served being presented for the first time on the appellate level. (See *People v. Donnelly* (1992), 226 Ill. App. 3d 771, 589 N.E.2d 975.) Our appellate courts, as well as the offices of the State Appellate Defender and

State's Attorney Appellate Prosecutor, do not have the time or the funds to be involved with this type of trivia, *i.e.*, matters which are fundamentally ministerial in nature, to correct technical errors and oversights. We suggest that it is time to consider a rule which allows for an order agreed upon by both the State and defense which would avoid the necessity of briefs and formal opinions.

Accordingly, the judgment is affirmed and the sentence is reversed and remanded, with directions to credit the entire $100 fine with 20 days of the 22 days served.

Affirmed in part; reversed in part, and cause remanded with directions.

GREEN, P.J., and STEIGMANN, J., concur.