THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL PFISTER, Defendant-Appellant.

Second District No. 2—91—1326

Opinion filed February 17, 1993.

McLAREN, J., dissenting.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Thomas F. Baker, State's Attorney, of Woodstock (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, Michael Pfister, appeals after a jury convicted him of armed robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—2), home invasion (Ill. Rev. Stat. 1989, ch. 38, par. 12—11(a)(1)), residential burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—3), and unlawful possession of a stolen vehicle (Ill. Rev. Stat. 1989, ch. 95½, par. 4—103(a)(1)). He was sentenced to concurrent terms of 20 years' imprisonment for armed robbery and home invasion, and 10 years' imprisonment for residential burglary and unlawful possession of a stolen vehicle. On appeal, defendant contends that the trial judge erred when imposing an extended sentence for unlawful possession of a stolen vehicle.

On March 12, 1991, defendant entered the home of Constance Sears in Woodstock, Illinois, through a basement window. Sears testified that she was sleeping at 10 a.m. when she heard a thumping noise. She investigated and found defendant in her home. He thrust a kitchen knife towards Sears and asked her for money and jewelry. Sears ran to a neighbor's house while defendant was searching her jewelry box.

Defendant had driven a white Oldsmobile to Sears' home, which he purchased from a man in a tavern for $100 and which he knew had been stolen. After confronting Sears and taking a watch and a pin, defendant fled in the car. He was chased by the police chief from Richmond until he crashed into a ditch.

A jury found defendant guilty of armed robbery, home invasion, residential burglary and unlawful possession of a stolen vehicle. On the unlawful possession of a stolen vehicle charge, defendant was sentenced to a term of 10 years' imprisonment, to run concurrently with the prison sentences for the other charges. Defendant filed a motion for a new trial before sentencing, but did not file a motion to reconsider his sentence. He now appeals.

Defendant contends that the trial court erred in imposing an extended sentence of 10 years' imprisonment for unlawful possession of a stolen vehicle, a Class 2 felony. (Ill. Rev. Stat. 1989, ch. 95½, par. 4—103(b).) He argues that both section 5—8—2(a) of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—2(a)) and *People v. King* (1985), 140 Ill. App. 3d 937, among other cases, stand for the proposition that an extended-term sentence may be imposed for only the class of the most serious offense of which the defendant is convicted. Because defendant was also convicted of armed robbery and home invasion, both Class X felonies (see Ill. Rev.

Stat. 1989, ch. 38, pars. 18—2(b), 12—11(c)), he requests that his sentence for unlawful possession of a stolen vehicle be reduced to seven years' imprisonment, the maximum nonenhanced sentence for a Class 2 felony (see Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(5)).

Originally, the State confessed error in this appeal. However, one day after confessing error, the State moved to withdraw its confession of error and file an appellee brief *instanter*. The motion was granted, and the State filed a brief in which it argued, citing *People v. Lewis* (1992), 235 Ill. App. 3d 1003, *appeal allowed* (1993), 148 Ill. 2d 565, that defendant waived this issue by failing to file a post-trial motion to reconsider his sentence. The State requests that this court dismiss the appeal.

In his reply brief, defendant claims that *Lewis* was wrongly decided and asks us to reconsider the holding. Defendant interprets *Lewis* to mean that a motion to reconsider sentence is a jurisdictional prerequisite to filing an appeal when the defendant only wishes to appeal the sentence. Defendant urges us to hold that failure to file a post-trial motion to reconsider sentence results in waiver, which can be circumvented by the plain error rule (134 Ill. 2d R. 615(a)).

We begin our discussion with *Lewis*. There, a jury convicted the defendant of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(c)). She was sentenced to probation, public service and a street-value fine. The defendant appealed only her sentence, claiming that her probationary term and the street-value fine were miscalculated and that she was not given credit for time served. *Lewis*, 235 Ill. App. 3d at 1004.

This court dismissed the appeal, following the reasoning in *People v. Macke* (1992), 224 Ill. App. 3d 815, that section 5—8—1(c) of the Code requires a defendant to file a motion to reduce the sentence within 30 days after the sentence was imposed in order to appeal only the sentence. (*Lewis*, 235 Ill. App. 3d at 1005.) Section 5—8—1(c) of the Code states, in pertinent part:

> "(c) A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. * * *
> * * *
> If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, then for purposes of perfecting an appeal, a final judgment shall not be considered to have been entered until the motion to reduce a sentence has been decided by order entered by the trial court." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c).

We continue to follow the *Macke* holding and interpret *Lewis* to mean that, when appealing only the sentence after a trial on the merits, the failure to file a post-sentencing motion results in waiver. (See *People v. Spencer* (1992), 229 Ill. App. 3d 1098, 1101.) *Lewis* primarily relied on *Macke*, in which the court found the sentencing issue, the only issue presented for review, to be waived. The court affirmed the judgment. (*Macke*, 224 Ill. App. 3d at 816.) Although this court dismissed the appeal in *Lewis*, which was factually analogous to *Macke*, it was because the issue had been *waived*:

> "For the foregoing reasons, we find that defendant has failed to *properly preserve any error* which might have occurred in sentencing, thereby *waiving* her right to appeal the issues she raises relating to sentencing." (Emphasis added.) *Lewis*, 235 Ill. App. 3d at 1006.

While we follow the holding in the *Macke* case, we disagree with part of an analogy made by the court, which we believe could be a source of confusion:

> "Requiring a defendant to file a motion to reduce his sentence is similar to requiring a post-trial motion to preserve issues on appeal (Ill. Rev. Stat. 1989, ch. 38, par. 116—1(b)) *and requiring a defendant who pleads guilty to move to withdraw that plea before appealing.* (134 Ill. 2d R. 604(d).)" (Emphasis added.) (*Macke*, 224 Ill. App. 3d at 816.)

We agree that this situation is analogous to preserving issues on appeal by filing a post-trial motion. (See *People v. Enoch* (1988), 122 Ill. 2d 176.) However, our court has interpreted Rule 604(d) and supreme court precedent to mean that the filing of a motion to withdraw a guilty plea, or a motion to reconsider sentence when only the sentence is being challenged after a guilty plea, is a jurisdictional prerequisite to be met before filing an appeal.

■ The supreme court precedent to which we refer is *People v. Wilk* (1988), 124 Ill. 2d 93, in which the court held that a motion to withdraw a guilty plea is a "condition precedent" to appeal a plea of guilty under Rule 604(d). (*Wilk*, 124 Ill. 2d at 106-07.) Thereafter, on August 1, 1992, Rule 604(d) was amended also to require a motion to reconsider the sentence, if only the sentence is being challenged, before an appeal can be taken after a plea of guilty. (Official Reports Advance Sheet No. 8 (April 15, 1992) R. 604(d), eff. August 1, 1992.) This court has stated recently that the requirements of Rule 604(d) are jurisdictional prerequisites. (See *People v. Ramage* (1992), 229 Ill. App. 3d 1027, 1030; *People v. Ishmon* (1991), 213 Ill. App. 3d 653, 657.) However, in contrast to a guilty plea situation, the supreme

court has not expressly stated that, after a trial on the merits, a motion to reduce sentence under section 5—8—1(c) of the Code is a "condition precedent" to filing an appeal. Therefore, we will not do so either.

■ One may wonder why the post-conviction procedures following guilty pleas are treated as jurisdictional requirements under Rule 604(d), while the failure to follow post-conviction procedures after a trial on the merits results in waiver. We believe the supreme court alluded to this distinction in *Wilk*:

> "Rule 604(d) was designed to meet a specific need. A few years after the effective date of our 1970 Constitution, it came to the attention of this court that a large number of appeals in criminal cases were being taken from pleas of guilty. One appellate court justice estimated that one-third of all criminal appeals in his division were from pleas of guilty. A review of criminal appeal filings in the appellate court in the five judicial districts substantiated this estimate. A review of the appeals in those cases revealed that many of the errors complained of could and undoubtedly would be easily and readily corrected, if called to the attention of the trial court. The rule was designed to eliminate needless trips to the appellate court and to give the trial court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where defendant's claim is disallowed." (*Wilk*, 124 Ill. 2d at 106.)

Further, the court acknowledged that the need for additional fact finding may be necessary before issues involving guilty pleas are properly before a reviewing court:

> "In short, Rule 604(d) has a purpose. That purpose is to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom. Rule 604(d) provides for fact finding to take place at a time when witnesses are still available and memories are fresh. (*People v. Frey* (1977), 67 Ill. 2d 77.) A hearing under Rule 604(d) allows a trial court to immediately correct any improper conduct or any errors of the trial court that may have produced a guilty plea. The trial court is the place for fact finding to occur and for a record to be made concerning the factual basis upon which a defendant relies for the

grounds to withdraw a guilty plea. If the motion to withdraw the plea is denied, that decision can be considered on review. As the situation now stands, some divisions of the appellate court are hearing these appeals on their merits. [Citations.] As we stated in *People v. Frey* (1977), 67 Ill. 2d 77, 85:

'It is mandatory for the protection of the accused, as well as society, that courts of original and appellate jurisdiction confine themselves to their respective spheres. Matters which require fact finding based on oral and written evidence *dehors* the record are primarily within the realm of the circuit court. Appeals from a judgment of that court are the function of reviewing courts, which operate on the record of the lower court.' " *Wilk*, 124 Ill. 2d at 104-05.

Since the amendment to Rule 604(d), the supreme court, in *People v. Pasch* (1992), 152 Ill. 2d 133, has applied the waiver rule and plain error analysis to a sentencing issue where no post-sentencing motion had been filed in the trial court. (*Pasch*, 152 Ill. 2d at 216.) Although *Pasch* is distinguishable from our case, in addition to *Lewis* and *Macke*, because the sentence in *Pasch* was not the only issue appealed, we believe *Pasch* illustrates our supreme court's intent to treat the failure to file a post-sentencing motion as a matter of waiver, as is done analogously under *Enoch* (122 Ill. 2d 176).

■ Thus, we hold that we have jurisdiction in this cause and that *Lewis* is limited to a finding that when appealing only the sentence after a trial on the merits, the failure to file a post-sentencing motion results in waiver. We recognize that all appellate court districts do not follow the rationale of *Macke* and *Lewis*. (See *People v. Turner* (4th Dist. 1992), 233 Ill. App. 3d 449; *People v. Sims* (3d Dist. 1992), 233 Ill. App. 3d 471.) The supreme court may address this issue in *Lewis* in order to achieve continuity among the appellate court districts.

■ Based on *Macke* and *Lewis*, defendant has waived the issue of whether the trial court erred in sentencing him to an extended sentence for unlawful possession of a stolen vehicle. However, we will address the issue under Rule 615(a) (134 Ill. 2d R. 615(a)), as the error affected substantial rights that defendant possesses, namely, his right to equal protection under the law.

Section 5—8—2(a) of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—2(a)) has been interpreted by our court to allow extended-term sentences only for the class of the most serious offense of which the offender was convicted. (*People v. King* (1985), 140 Ill. App. 3d 937, 945.) Because defendant was also convicted of armed robbery and home invasion, two Class X felonies, the trial judge could not sen-

tence him to an extended term for unlawful possession of a stolen vehicle, a Class 2 felony. Thus, pursuant to our authority under Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), we reduce defendant's sentence for unlawful possession of a stolen vehicle to a concurrent term of seven years' imprisonment, the maximum nonenhanced sentence for a Class 2 felony (see Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(5)).

For the foregoing reasons, we modify and reduce defendant's sentence for unlawful possession of a stolen vehicle to a concurrent term of seven years' imprisonment.

Affirmed as modified.

QUETSCH, J., concurs.

JUSTICE McLAREN, dissenting:

I respectfully dissent. I authored *People v. Lewis* (1992), 235 Ill. App. 3d 1003, *appeal allowed* (1993), 148 Ill. 2d 565. That opinion was based upon *People v. Wilk* (1988), 124 Ill. 2d 93, and *People v. Wallace* (1991), 143 Ill. 2d 59. The supreme court in *Wilk* and *Wallace* affirmed the dismissals in the appellate court. Applying the rationale contained in *Macke* (224 Ill. App. 3d 815) to the dispositions of the cases in *Wilk* and *Wallace,* I believe that a post-trial motion seeking the reconsideration of a criminal sentence "is a condition precedent to the appeal." (*Wilk,* 124 Ill. 2d at 107.) Without such a motion, the appellate court does not have jurisdiction to consider the merits of the appeal.

The rationale contained in the majority opinion herein only cites cases where the appeal of an improper sentence was only one of among several issues. In those cases the appellate court obtained jurisdiction of the appeal, due to those other justiciable issues.

As in *Macke, Lewis,* and this case, the *only* issue by which we may obtain jurisdiction is the alleged improper sentence. I am constrained to follow the language contained in *Wilk* and *Wallace* and, therefore, believe that we do not have jurisdiction to consider the merits of this appeal.

If I were to consider the merits of the appeal, I would concur in the majority opinion.