THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARINO ALVARADO-AGUILAR, Defendant-Appellant.

Third District    No. 3—92—0407

Opinion filed May 5, 1993.

Janet Gandy Fowler, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

Following a jury trial, the defendant, Marino Alvarado-Aguilar, was convicted of the unlawful delivery of more than 900 grams of a substance containing cocaine (720 ILCS 570/401(a)(2)(D) (West 1992)).

He was sentenced to a term of 20 years in the Illinois Department of Corrections.

The sole issue raised by the defendant on appeal is whether the sentence imposed is excessive. We conclude that the trial court did not abuse its discretion in imposing sentence. Therefore, we affirm.

At trial, evidence was presented that the defendant delivered 1,990.2 grams of cocaine to an undercover police officer. The cocaine had a street value of $56,000. Following the defendant's conviction, a presentence investigation report was prepared. The report stated the defendant had no prior history of criminal convictions. The report also stated that, since 1975, the defendant had been employed as a sign maker, an errand person, a building cleaner and a mechanic. The defendant obtained his GED certificate during his incarceration prior to trial. Based upon these facts, the defendant argues that the trial court abused its discretion in sentencing him to a term of 20 years' imprisonment.

The State initially responds that the defendant is precluded from appealing his sentence due to his failure to file a motion to reduce the sentence in the trial court. The State relies on *People v. Macke* (5th Dist. 1992), 224 Ill. App. 3d 815, 587 N.E.2d 1113, and *People v. Lewis* (2d Dist. 1992), 235 Ill. App. 3d 1003, 602 N.E.2d 492, *appeal allowed* (1993), 148 Ill. 2d 649. The Second District and the Fifth District Appellate Court held that a defendant who is convicted following a trial must file a timely motion to reduce his sentence in order to appeal the sentence. (*Lewis*, 235 Ill. App. 3d at 1005-06, 602 N.E.2d at 493; *Macke*, 224 Ill. App. 3d at 816, 587 N.E.2d at 1114; see also *People v. Hess* (2d Dist. 1993), 241 Ill. App. 3d 276, 282, 609 N.E.2d 371, 375-76; *People v. Pfister* (2d Dist. 1993), 240 Ill. App. 3d 931, 936-37, 608 N.E.2d 1230, 1234.) Both districts determined that a motion to reduce sentence was required by section 5—8—1(c) of the Unified Code of Corrections (730 ILCS 5/5—8—1(c) (West 1992)).

However, in *People v. Sims* (1992), 233 Ill. App. 3d 471, 599 N.E.2d 137, we disagreed with the *Macke* court. We determined that a defendant convicted following a trial does not need to file a post-sentencing motion to preserve error as to sentencing issues. (*Sims*, 233 Ill. App. 3d at 473, 599 N.E.2d at 138.) The Fourth District Appellate Court has also declined to follow *Macke*. (*People v. Turner* (4th Dist. 1992), 233 Ill. App. 3d 449, 456, 599 N.E.2d 104, 109-10.) We see no reason to depart from our prior holding. Therefore, we will consider the defendant's contention that his 20-year sentence is excessive.

The defendant argues that the trial court failed to consider his steady work record and his lack of a criminal record. The defendant asserts that his rehabilitative potential was further demonstrated by the fact he obtained his GED certificate before sentencing. The defendant argues that his sentence should be reduced on appeal to the minimum sentence available, a 15-year term of imprisonment. We disagree.

A trial court's sentencing decisions are entitled to great deference and weight, and the standard of review is whether the trial court abused its discretion in imposing a sentence. (*People v. Streit* (1991), 142 Ill. 2d 13, 18-19, 566 N.E.2d 1351, 1353; *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.) In weighing a defendant's rehabilitative potential, the trial court is not required to give greater weight to that consideration than to the seriousness of the offense. (*People v. Fort* (1992), 229 Ill. App. 3d 336, 341-42, 592 N.E.2d 1205, 1210.) A defendant's lack of a prior criminal record is not necessarily the most persuasive consideration at sentencing and, in fact, "the seriousness of the crime has been called the most important factor to be considered in imposing the sentence." *People v. Costello* (1992), 224 Ill. App. 3d 500, 510, 586 N.E.2d 742, 749.

■ The sentencing range for the unlawful delivery of more than 900 grams of a substance containing cocaine is not less than 15 years and not more than 60 years. (720 ILCS 570/401(a)(2)(D) (West 1992).) The evidence at trial showed the defendant delivered 1,990.2 grams of cocaine. Also, we note that the defendant was convicted of a serious offense. Finally, the punishment imposed by the trial court was only five years above the minimum sentence. Based on these facts, we do not find the defendant's sentence to be an abuse of discretion.

When a reviewing court is asked to exercise its power to reduce a sentence, that power must be exercised cautiously. (*People v. Green* (1992), 233 Ill. App. 3d 298, 303, 599 N.E.2d 39, 43.) A reviewing court will not engage in mere judicial clemency. (*Green*, 233 Ill. App. 3d at 303, 599 N.E.2d at 43.) Under these circumstances, we will not exercise our power to reduce the sentence.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.