THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KEVIN JENKINS, Defendant-Appellant.

Fifth District   No. 5—92—0017

Opinion filed October 5, 1993.

CHAPMAN, P.J., specially concurring.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, and Kimbara G. Harrell, of Olney, for appellant.

Charles Grace, State's Attorney, of Murphysboro, and Edward G. Coleman, of Springfield (Norbert J. Goetten and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:
Following a jury trial in the circuit court of Jackson County on November 7, 1991, defendant, Kevin Jenkins, was convicted of unlawful delivery of a controlled substance. On December 11, 1991, defendant filed a motion for a new trial, which was denied on December 16, 1991. On December 19, 1991, defendant was sentenced to eight years of imprisonment in the Illinois Department of Corrections (DOC) with credit for 147 days served. He was ordered to pay $500 restitution to the Southern Illinois Enforcement Group, a street-value fine in the amount of $500, and a discretionary fine of $2,000, plus court costs and surcharges. Defendant did not file a motion for reduction of sentence pursuant to section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c)) within 30 days of the imposition of sentence. Furthermore, no objection to the imposition of the discretionary fine of $2,000 or the order of restitution was made at the time of his sentencing hearing.

Defendant appeals only his sentence and the orders for restitution imposed by the trial court. He argues that the trial court abused its discretion (1) by sentencing him to eight years in prison; (2) by ordering him to pay a $2,000 discretionary fine in addition to a $500 street-value fine; and (3) by ordering him to pay $500 restitution to the Southern Illinois Enforcement Group. He also argues that he is entitled to a $5-per-day credit toward his fine for the 147 days he spent in jail prior to sentencing. Finally, he contends that he received ineffective assistance of counsel because his trial counsel failed to file a post-sentencing motion to reduce sentence.

Defendant was convicted of an offense which is a Class 1 felony (Ill. Rev. Stat. 1991, ch. 56½, par. 1401(b)(2)). Section 5—8—1(c) of the Unified Code of Corrections provides:

"(c) A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. However, the court may not increase a sentence once it is imposed.

If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, the proponent of the motion shall exercise due diligence in seeking a determination on the motion and the court shall thereafter decide such a motion within a reasonable time.

If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, then for purposes of perfecting an appeal, a final judgment shall not be considered to have been entered until the motion to reduce a sentence has been decided by order entered by the trial court.

A motion to reduce a sentence shall not be considered to have been timely filed unless it is filed with the circuit court clerk within 30 days after the sentence is imposed ***." Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(c).

In *People v. Macke* (1992), 224 Ill. App. 3d 815, 816, 587 N.E.2d 1113, 1115, we held compliance with this section to be mandatory to avoid waiver of sentencing issues when they were the sole issues on appeal. We drew a parallel between section 5—8—1(c) and post-trial motions required to preserve issues on appeal (Ill. Rev. Stat. 1991, ch. 38, par. 116—1(b)), and motions to withdraw pleas of guilty, which are mandatory for perfection of an appeal (134 Ill. 2d R. 604(d)). Citing *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, and *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, we noted that where a defendant fails to file these post-trial motions, the trial court has been denied the opportunity to correct any error that might have occurred,

thus burdening appellate counsel and courts of review with the time and expense of preparing and processing appeals. *Macke*, 224 Ill. App. 3d at 816, 587 N.E.2d at 1114.

The special concurrence declines to follow this court's decision in *Macke*, due to the belief that *Macke* erroneously held that a trial-level motion to reduce sentence was a jurisdictional prerequisite to perfection of an appeal. Admittedly, some of the *Macke* decision is couched in language which could be interpreted as finding that a motion to reduce sentence is a jurisdictional prerequisite to appeal. However, when read as a whole, the decision views failure to file a motion to reduce sentence as a waiver of that issue where it is the sole question on appeal. Notably, the defendant's appeal in *Macke* was not dismissed for lack of jurisdiction, but rather, the trial court's decision was affirmed.

The Second District of the Appellate Court has cited the *Macke* decision for the proposition that where a defendant does not raise an excessive-sentence issue in his post-trial motion and does not challenge the basis of his sentence in a motion to reconsider or reduce his sentence, the issue is deemed waived on appeal. In *People v. Spencer* (1992), 229 Ill. App. 3d 1098, 1101, 595 N.E.2d 219, 221, the court considered the issue raised by the defendant, despite the fact that the issue could have been deemed waived. In *People v. Lewis* (1992), 235 Ill. App. 3d 1003, 1005-06, 602 N.E.2d 492, 493, *appeal allowed* (1993), 148 Ill. 2d 649, 610 N.E.2d 1271, the court relied on *Macke* and dismissed the defendant's appeal. It stated that the defendant had waived her right to appeal issues relating to her sentencing by failing to file a timely motion to reduce her sentence pursuant to section 5—8—1(c). It found that *Macke* expanded but did not change or overrule any prior cases which had discussed whether a defendant waived the right to appeal a sentence imposed by failing to file a motion to reduce the sentence. It found that the dismissal of appeals where a defendant failed to properly preserve any error that might have occurred by sentencing was appropriate and promoted judicial economy in the finality of judgments. *Lewis*, 235 Ill. App. 3d at 1006, 602 N.E.2d at 493.

Subsequently, the second district chose to reach the merits of a number of these cases despite acknowledgement of *Macke* and *Lewis* as precedent for considering sentencing issues to be waived through a defendant's failure to file a post-sentencing motion. In *People v. Pfister* (1993), 240 Ill. App. 3d 931, 936, 608 N.E.2d 1230, 1234, the court clearly delineated the scope of its *Lewis* decision, stating that it was "limited to a finding that when appealing only the sentence *after a*

*trial on the merits*, the failure to file a post-sentencing motion results in waiver." (Emphasis added.) It rejected language in *Macke* which it believed indicated that this court believed a post-sentencing motion to be a condition precedent to filing an appeal. We are in agreement with the *Pfister* court in our belief that the failure to file such a motion after a trial on the merits could, and in this case does, result in waiver. (See *Pfister*, 240 Ill. App. 3d at 935, 608 N.E.2d at 1233.) In the case at bar, defendant failed to file a motion to reduce his sentence after conviction in a trial by jury, thus waiving the issue on his appeal of his sentence only.

The first district has expressed agreement with *Macke, Lewis*, and *Pfister* in *People v. Gomez* (1993), 247 Ill. App. 3d 68. Because Lewis had been granted leave to appeal but the case was still under review, the court considered the merits of the defendant's appeal.

The third and fourth districts have chosen not to follow *Macke*. In *People v. Sims* (1992), 233 Ill. App. 3d 471, 473, 599 N.E.2d 137, 138-39, the Third District Appellate Court found that a post-sentencing motion was not necessary to preserve error as to sentencing issues. This finding was predicated on the court's opinion that where a defendant asks for probation and the court sentences him to two years' imprisonment: "[I]t does not appear that a useful contemporaneous objection could be made. A motion to reduce sentence might complain one more time of the failure to award probation, but such a motion would add nothing to the original request, and provide the trial court with no opportunity which it had not already enjoyed. Defendant's position as to sentencing was made known to the court and was not waived." (*Sims*, 233 Ill. App. 3d at 473, 599 N.E.2d at 138-39.) The special concurrence in the opinion in *Sims* aligned itself with our decision in *Macke*. It observed that the majority opinion suggested that trial judges would routinely deny post-sentencing motions or that defendants would only rehash what had already been presented to trial judges, who were unlikely to admit their mistakes, making it an unproductive and wasteful exercise to point out those mistakes after sentencing. The special concurrence pointed out the necessity of filing a motion to permit the judge to reconsider the sentence and either reiterate the important factors which prompted the sentence imposed or to actually make some change in the sentence if it was excessive under the law and the facts, making a clear record on appeal. (*Sims*, 233 Ill. App. 3d at 476, 599 N.E.2d at 140 (Knecht, J., specially concurring).) In *People v. Alvarado-Aguilar* (1993), 244 Ill. App. 3d 433, 434, 613 N.E.2d 342, 343, the third district again rejected *Macke*, citing its decision in *Sims*.

In *People v. Turner* (1992), 233 Ill. App. 3d 449, 456, 599 N.E.2d 104, 109-10, the Fourth District Appellate Court declined to follow our decision in *Macke*. It found no waiver of the issue for failure to file a post-trial motion raising the issue of excessive sentence, stating that duplicate motions to reduce sentence would not promote judicial economy but rather would prolong cases in the trial court, requiring additional effort by the parties and by the courts. *Turner*, 233 Ill. App. 3d at 456, 599 N.E.2d at 110.

Although the filing of a post-trial motion raising the issue of excessive sentence or objecting to the imposition of various fines might well prolong the disposition of the case at the trial court level and require additional effort by the State's Attorney, defense counsel, and the court, the trial court is the appropriate venue in which to raise these issues. It permits the defendant to present argument in support of his position and the State's Attorney to perhaps present further evidence in support of the sentence imposed and provides the court with the opportunity to rethink its decision. The court may then either amplify the reasons for imposition of the sentence imposed or respond to the defense arguments and make a downward adjustment in the defendant's sentence or the fines imposed. In any event, the record presented on appeal will be clarified, promoting judicial economy and finality of judgments.

The supreme court recently addressed the issue of preservation of alleged sentencing errors in *People v. Pasch* (1992), 152 Ill. 2d 133, 216, 604 N.E.2d 294, *cert. granted* (1993), ___ U.S. ___, 124 L. Ed. 2d 678, 113 S. Ct. 2927. In *Pasch*, the court discussed issues which were properly preserved and refused to review an error alleged to have taken place during the sentencing hearing, stating:

> "In reviewing this issue, we find that defendant has waived any alleged error here by failing to object to such testimony and to raise this issue in a post-sentencing motion. (See [*People v.*] *Enoch* [1988], 122 Ill. 2d 176[, 522 N.E.2d 1124].) This waiver rule applies not only during the trial, but also during the sentencing hearing." (*Pasch*, 152 Ill. 2d at 216, 604 N.E.2d at 330.)

Although the error alleged in *Pasch* was an evidentiary one, rather than an alleged error in sentencing *per se*, the court clearly indicated that both a contemporaneous objection and a post-sentencing motion are necessary to avoid waiver of sentencing errors on appeal.

Given this court's prior decision in *Macke* and the recent discussion by the supreme court in *Pasch* of waiver of sentencing issues, defendant herein waived the issues of the length of his sentence and

the imposition of a $2,000 discretionary fine and a $500 street-value fine.

The issue of the order entered requiring defendant to pay $500 restitution to the Southern Illinois Drug Enforcement Group was not waived, however. This court found in *People v. Lawrence* (1990), 206 Ill. App. 3d 622, 625, 565 N.E.2d 322, 324, that when public monies have been expended to purchase drugs by undercover agents, the governmental agency that funded the purchase is not a victim within the ambit of section 5—5—6(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6(b)). Because this order of restitution was imposed following a guilty verdict, rather than as an essential term of a plea agreement into which both parties have entered for legal consideration and were thus bound (see *Lawrence*, 206 Ill. App. 3d at 625, 565 N.E.2d at 324; *People v. Brumas* (1990), 204 Ill. App. 3d 542, 548, 561 N.E.2d 1366, 1370), it cannot be upheld. Because a void order may be attacked at any time, defendant has not waived this issue for appeal through failure to file a post-sentencing motion. (*People v. Davis* (1993), 156 Ill. 2d 149, 155.) The restitution order is therefore vacated.

The record indicates that defendant spent 147 days in custody prior to sentencing. It is devoid of proof that the clerk of the circuit court satisfied the statutory requirement of informing defendant in writing that he was entitled to a credit of $5 per day upon application to the court against his fine for each day spent incarcerated. Thus, defendant did not waive the issue and may legitimately make such application for credit on appeal. (*People v. Tippett* (1992), 232 Ill. App. 3d 921, 922, 598 N.E.2d 292, 293.) Pursuant to our authority under Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)), defendant's $2,000 discretionary fine is modified to reflect credit of $735 for 147 days spent in custody prior to sentencing.

The defendant's sentence of eight years' imprisonment was in the midrange of the 4- to 15-year term permissible for the Class 1 felony of unlawful delivery of 5.2 grams of cocaine. (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c)(2); Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(2).) The record shows that the court was well aware of the mitigating and aggravating factors presented and considered them in fashioning a sentence which was not an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 156, 368 N.E.2d 882, 885.) Moreover, the court's imposition of a $2,000 fine without making a specific finding that defendant had the ability to pay was appropriate, given that it was aware of facts which favored such a fine. (*People v. Ivy* (1985), 133 Ill. App. 3d 647, 656, 479 N.E.2d 399, 406.) Had these issues not

been waived under *Macke,* defendant would not have prevailed. His counsel's failure to make a contemporaneous objection and to file a post-sentencing motion cannot therefore be construed to constitute ineffective assistance of counsel.

For the above reasons, the order of the circuit court of Jackson County sentencing defendant to eight years' imprisonment and the order imposing a $500 street-value fine are affirmed, based upon defendant's waiver of these sentencing issues through failure to contemporaneously object and file a post-sentencing motion. The trial court's order to defendant to pay $500 restitution to the Southern Illinois Drug Enforcement Group is vacated. Pursuant to Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)), the $2,000 fine is modified to reflect a credit of $735 for defendant's 147 days in jail prior to sentencing.

Affirmed in part as modified; vacated in part.

MAAG, J., concurs.

PRESIDING JUSTICE CHAPMAN, specially concurring:

I agree with the majority's result, but I write separately because of my disagreement with *Macke.* The majority clarifies *Macke* by indicating that *Macke* did not require the filing of a motion to reduce sentence as a jurisdictional prerequisite to an appeal of a sentencing issue and instead treats the failure to file such a motion as a waiver of sentencing errors. While this clarification is an improvement, it does not, in my opinion, go far enough. I do not think *Macke* should be followed for the following reasons.

Section 5—8—1(c) of the Unified Code of Corrections states:

"A motion to reduce a sentence *may* be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. However, the court may not increase a sentence once it is imposed." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c) (now 730 ILCS 5/5—8—1(c) (West 1992)).

The plain language of the statute, which says that a motion to reduce a sentence *may* be made, does not support the conclusion in *Macke* that "[s]ection 5—8—1(c) requires that before a defendant can appeal only his sentence, he *must* first file a motion to reduce his sentence." (Emphasis added.) (*Macke,* 224 Ill. App. 3d at 816, 587 N.E.2d at 1114.) Generally, when the word "may" is used in a statute, it implies permissive or discretionary rather than mandatory action. *In re*

*Marriage of Freeman* (1985), 106 Ill. 2d 290, 478 N.E.2d 326; *Ekl v. Knecht* (1991), 223 Ill. App. 3d 234, 585 N.E.2d 156.

In addition, *Macke* added emphasis to a portion of the statute, presumably in support of its conclusion, that I believe supports the proposition that a motion to reduce a sentence is not necessarily required before a defendant may appeal his sentence. The emphasized language in *Macke* reads:

"If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, *then for purposes of perfecting an appeal, a final judgment shall not be considered to have been entered until the motion to reduce a sentence has been decided by order entered by the trial court.*" Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c) (as quoted and emphasized in *People v. Macke* (1992), 224 Ill. App. 3d 815, 816, 587 N.E.2d 1113, 1114).

This portion of section 5—8—1(c) does not make a motion to reduce a sentence a prerequisite to perfecting an appeal challenging only the sentence. Instead, it tolls the running of the time for an appeal until after the trial court rules on this motion, if such a motion is filed. The "If" that begins the quote is the important word in this analysis because it implies not that a motion must be filed but that a motion may be filed, an implication contrary to the conclusion of *Macke*.

Finally, *Macke*'s reliance on *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, and *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, is misplaced. *Enoch* construed the statute requiring post-trial motions for a new trial. That statute states that "[a] written motion for a new trial *shall* be filed by the defendant within 30 days following the entry of a finding or the return of a verdict." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 116—1 (now 725 ILCS 5/116—1 (West 1992)).) In *Enoch*, the supreme court relied upon this emphasized language in reaching its decision that a post-trial motion for a new trial is clearly mandated by statute. "The requirement for a written post-trial motion is statutory, and the statute requires that a written motion for a new trial *shall* be filed by the defendant." (Emphasis in original.) *Enoch*, 122 Ill. 2d at 187, 522 N.E.2d at 1130.

Similarly, in *Wilk*, the supreme court construed Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)), which governs appeals from judgments entered on a plea of guilty. Rule 604(d) at that time stated: "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant *** files in the trial court a motion to withdraw his plea of guilty and vacate the judgment." (107 Ill. 2d R.

604(d).) *Wilk* held that Rule 604(d) "establishes a condition precedent for an appeal from a defendant's plea of guilty." (*People v. Wilk* (1988), 124 Ill. 2d 93, 105, 529 N.E.2d 218, 222; see also *People v. Wallace* (1991), 143 Ill. 2d 59, 570 N.E.2d 334.) No similar condition precedent is established by the language of section 5—8—1(c).

While it may be desirable for a defendant to file a motion to reduce sentence in the trial court, particularly if, as with the Southern Illinois Enforcement Group issue here, the motion raises an easily correctable error in the sentencing scheme, section 5—8—1(c) does not make the failure to file the motion either a jurisdictional defect or a waiver of the defendant's right to appeal. *Macke* takes the position that requiring the motion will promote judicial economy and finality of judgments in all cases. While motions to reduce sentences will promote judicial efficiency in many cases, the fourth district's conclusion that the opposite may result in some cases also has merit. *People v. Turner* (4th Dist. 1992), 233 Ill. App. 3d 449, 456, 599 N.E.2d 104, 109-10 (duplicative motion to reduce sentence will not promote judicial economy but will prolong cases in the trial court, requiring additional effort by the parties and by the courts).

The appellate districts are split on *Macke*. The third and fourth districts have rejected it. (*People v. Turner* (4th Dist. 1992), 233 Ill. App. 3d 449, 599 N.E.2d 104; *People v. Sims* (3d Dist. 1992), 233 Ill. App. 3d 471, 599 N.E.2d 137; *People v. Alvarado-Aguilar* (3d Dist. 1993), 244 Ill. App. 3d 433, 613 N.E.2d 342.) The first and second districts have apparently adopted *Macke. People v. Lewis* (2d Dist. 1992), 235 Ill. App. 3d 1003, 602 N.E.2d 492, *appeal allowed* (1993), 148 Ill. 2d 649, 610 N.E.2d 1271; *People v. Gomez* (1st Dist. 1993), 247 Ill. App. 3d 68.

The second district, however, has not adhered to *Macke* in all cases. For example, while *Lewis* (235 Ill. App. 3d at 1006, 602 N.E.2d at 493) held that a defendant who fails to file a motion to reduce sentence waives the right to appeal the sentence, *People v. Hess* (1993), 241 Ill. App. 3d 276, 609 N.E.2d 371, *People v. Spencer* (1992), 229 Ill. App. 3d 1098, 595 N.E.2d 219, and *People v. Lindsay* (2d Dist. 1993), 247 Ill. App. 3d 518, 617 N.E.2d 389, acknowledged *Macke* but chose to reach the merits. In addition, the second district has clarified and limited its holding in *Lewis* in *People v. Pfister* (1993), 240 Ill. App. 3d 931, 608 N.E.2d 1230. *Pfister* held that *Lewis* was "limited to a finding that when appealing only the sentence after a trial on the merits, the failure to file a post-sentencing motion results in waiver." (*Pfister*, 240 Ill. App. 3d at 936, 608 N.E.2d at 1232.) In so holding, the second district expressly rejected the following *Macke* analogy:

" 'Requiring a defendant to file a motion to reduce his sentence is similar to requiring a post-trial motion to preserve issues on appeal (Ill. Rev. Stat. 1989, ch. 38, par. 116—1(b)) *and requiring a defendant who pleads guilty to move to withdraw that plea before appealing.* (134 Ill. 2d R. 604(d).)' " (Emphasis in *Pfister*, 240 Ill. App. 3d at 934, 608 N.E.2d at 1233, quoting *People v. Macke* (1992), 224 Ill. App. 3d 815, 816, 587 N.E.2d 1113, 1114.)

The second district thus concluded that a motion to reduce sentence under section 5—8—1(c) is not a condition precedent to filing an appeal, but the failure to file such a motion could result in waiver. *Pfister*, 240 Ill. App. 3d at 935, 608 N.E.2d at 1233.

Similarly, the first district adopted *Macke* and cited *Macke, Lewis*, and *Pfister* but, because the supreme court was reviewing the issue, went on to consider the merits of the defendant's appeal. *People v. Gomez* (1st Dist. 1993), 247 Ill. App. 3d 68.

In view of my conclusion that section 5—8—1(c) does not impose either a jurisdictional requirement or a waiver choice on the defendant, I would address the merits of defendant's appeal.

Defendant first argues that his sentence is excessive and must be reduced to the minimum four-year prison term. In support of this argument, the defendant points out that he was convicted of the unlawful delivery of 5.2 grams of cocaine, just over the minimum amount (5 grams) for which probation is unavailable. (Ill. Rev. Stat. 1989, ch. 38, 1005—5—3(c)(2)(D) (now 730 ILCS 5/5—5—3(c)(2)(D) (West 1992)).) He also contends that his minimal criminal history, his minor child, and his drug addiction were not adequately considered as mitigating circumstances.

The imposition of a sentence is a matter of judicial discretion, and absent an abuse of this discretion, the sentence of the trial court may not be altered upon review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.) Defendant was convicted of the unlawful delivery of 5.2 grams of cocaine, a Class 1 felony. (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c)(2) (now 720 ILCS 570/401(c)(2) (West 1992)).) Section 5—5—3(c)(2)(D) of the Unified Code of Corrections requires the trial court to impose a sentence of not less than the minimum term of imprisonment. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(2)(D) (now 730 ILCS 5/5—5—3(c)(2)(D) (West 1992)).) The sentence for a Class 1 felony is a prison term not less than four years and not more than 15 years. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(4) (now 730 ILCS 5/5—8—1(a)(4) (West 1992)).) Defendant's eight-year prison sentence is well within the statutory sentencing

range. The record demonstrates that the trial court listened to arguments in aggravation and in mitigation and stated the factors it relied upon in sentencing. The trial judge specifically noted in aggravation that the evidence showed that the defendant was active in the drug-selling business and that he had two prior misdemeanor convictions. Defendant's prior convictions were for criminal trespass to a vehicle and reckless conduct and unlawful use of weapons. In mitigation, the judge noted that the defendant intended no bodily harm to another. I conclude that the trial judge, who heard the evidence and observed the defendant at trial, did not abuse his discretion by sentencing the defendant to an eight-year prison term. See *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

Nor did the trial judge abuse his discretion by imposing a $2,000 discretionary fine upon the defendant without first specifically determining whether the defendant had the ability to pay. A trial court's decision to impose a fine as part of the defendant's sentence is entitled to great deference and weight. (*People v. Ivy* (1985), 133 Ill. App. 3d 647, 656, 479 N.E.2d 399, 405-06.) A specific finding of an ability to pay is not necessary where such a finding is implicit in the imposition of the fine because the trial court is aware of facts that support its determination. (*Ivy*, 133 Ill. App. 3d at 656, 479 N.E.2d at 405.) Here, the record reveals that the defendant twice claimed he was employed. In his motion to reduce bond he alleged he was employed part-time with his uncle. During the presentence investigation, he also claimed he was employed prior to his conviction. In addition, no specific time frame or method of payment for this fine was imposed by the court. In light of these facts, I conclude the trial judge did not abuse his discretion by imposing a $2,000 fine on the defendant without first specifically determining whether he has the ability to pay.

I agree with the majority's discussion of the restitution to the Southern Illinois Drug Enforcement Agency. On the issue of the 147 days' credit, the State concedes that defendant is entitled to the credit, and I agree with the majority's modification of the fine.

The defendant's final argument is that he was denied his constitutional right to effective assistance of counsel because his trial counsel failed to file a motion to reduce sentence as required by *People v. Macke* (1992), 224 Ill. App. 3d 815, 587 N.E.2d 1113. While I do not agree with *Macke*, I would agree with the majority's disposition of this issue.